**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| FLAVA WORKS, INC. ) | |
| ) | Chapter 11 Proceeding |
| Debtor. ) | Case No. 21-08585 |
| ) | Hon. Donald R. Cassling |
| ) | |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on **September 21, 2021**, at **9:30 a.m.**, I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, and present creditor and interested party A4A Reseau Inc.'s ("A4A") **Motion to Dismiss Chapter 11 Case**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site, https://www.ilnb.uscourts.gov/judge-casslings-zoom-court-hearing-login-information-court-hearings-beginning-october-13-2020

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                A4A Reseau, Inc.

                By:   /s/ Bruce N. Menkes      
                      One of Its Attorneys

Bruce N. Menkes (ARDC #6187337)
George V. Desh (ARDC #6305733)
**Mandell Menkes LLC**
1 N. Franklin St., Suite 3600
(312) 251-1000
Firm No. 38081
bmenkes@mandellmenkes.com
gdesh@mandellmenkes.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 13, 2021, he caused to be served a copy of the foregoing **NOTICE MOTION** and **MOTION TO DISMISS CHAPTER 11 CASE** to be served:

Electronically via the Court's CM/ECF system on:

- Robert J Adams RobertJAdams@jubileebk.net, bankruptcy714@gmail.com

- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

- Bryan E Moore bemoore@bemesq.com, lynn@oflaherty-law.com

- Robert Radasevich rradasevich@nge.com, ewilson@nge.com, ecfdocket@nge.com

- Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov

Via first class mail, postage prepaid, as indicated on:

| | | |
|---|---|---|
| 933 W. Irving Park Corp<br>4444 W. Montrose<br>Chicago, IL 60641-2083 | Aldo U. Huitzil<br>53 W. Jackson Blvd<br>Chicago, IL 60604-3606 | Brian C. Pederson<br>Robert J. Adams & Assoc.<br>540 W. 35th Street<br>Chicago, IL 60616-3532 |
| Bryan E. Moore<br>Law Office of Bryan E. Moore, P.C.<br>2476 Meadowdale Lane<br>Woodridge, IL 60517-3955 | Christine B. Adams<br>540 W. 35th Street<br>Chicago, IL 60616-3532 | Flava Works, Inc.<br>3526 South Prairie Avenue<br>Chicago, IL 60653-1653 |
| Illinois Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 19035<br>Springfield, IL 62794-9035 | Internal Revenue Service SB/SE<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | John F. Bradley<br>Attn: Bradley Legal Group PA<br>1217 E. Broward Boulevard<br>Fort Lauderdale, FL 33301-2133 |
| Marques Rondale Gunter<br>c/o Robert Radasevich<br>Neal, Gerber & Eisenberg<br>2 N. LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-4000 | Salsalndy, LLC<br>c/o Robert Radasevich<br>Neal, Gerber & Eisenberg<br>2 N. LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-4000 | Oscar Leiva<br>2132 W. 23rd Street<br>Chicago, IL 60608-4002 |
| Partratz & Associates<br>30 N. LaSalle Street<br>Suite 3200<br>Chicago, IL 60602-3349 | Robert J. Adams & Associates<br>540 W. 35th Street<br>Chicago, IL 60616-3532 | |

/s/ Bruce N. Menkes

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| FLAVA WORKS, INC. | ) |
| | ) Chapter 11 Proceeding |
| Debtor. | ) Case No. 21-08585 |
| | ) Hon. Donald R. Cassling |
| | ) |

## MOTION TO DISMISS CHAPTER 11 CASE

Pursuant to 11 U.S.C. § 1112, interested party and creditor, A4A Reseau, Inc. ("A4A") respectfully moves for an order of dismissal of this Chapter 11 case. In support of this motion, A4A states as follows:

### BACKGROUND

1.  On July 15, 2021, a federal judge in the United States District Court for the Southern District of Florida entered an order (the "Seizure Order") directing the U.S. Marshal to seize intellectual property comprising the assets of Flava Works, Inc. ("Flava") to satisfy a judgment of $81,958.72 owed to A4A including an award of new attorneys' fees (Ex. 1, 07/15/2021 Order). Just two days later—on July 17, 2021—Flava filed the present petition for Chapter 11 bankruptcy.

2.  The Seizure Order was issued at the end of a long process in which Flava repeatedly used tactics which the court found improper to delay the outcome. As detailed in the attached Report and Recommendation, issued by Magistrate Judge Jonathan Goodman on June 14, 2021[1] (Ex. 2, "R&R"), "[t]he Order initially awarding fees was entered more than two years

---

[1] This Court may take judicial notice of these federal court filings. *See In re Rey*, 2006 Bankr. LEXIS 1803, at *17 n.4 (Bankr. N.D. Ill. Aug. 21, 2006) (in the context of a § 1112(b) motion, citing the Seventh

1

Case 21-08585    Doc 38    Filed 09/13/21    Entered 09/13/21 21:45:44    Desc Main
Document    Page 5 of 11

ago . . . Plaintiff [Flava] has spent the last two years claiming to be in search of counsel, attempting to relitigate previously-decided issues, and ignoring court orders and deadlines." (*Id.* at 23). Since August 2014, Flava had, in what the court believed was a dilatory tactic, "retained no fewer than six different attorneys," (*id.* at 5) all of whom eventually withdrew, and it also filed an appeal which was dismissed for lack of prosecution, reinstated, and again dismissed for lack of prosecution. (*Id.* at 6). Magistrate Judge Goodman concluded that "Plaintiff has gone to great lengths to . . . delay these proceedings." (*Id.* at 26).

3. The Magistrate Judge also found that Phillip Bleicher is the "alter ego" of Flava. (*Id.* at 10).

4. The Florida district court adopted the R&R, and issued the Seizure Order. (Ex. 1 at 3).

## ARGUMENT

A. <u>Legal Standard</u>

5. Pursuant to 11 U.S.C. § 1112(b)(1), "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

6. "A bankruptcy court possesses broad discretion to dismiss a chapter 11 bankruptcy case for cause under § 1112(b)." *In re Local Union 722 Int'l Bhd. of Teamsters*, 414 B.R. 443, 447 (Bankr. N.D. Ill. 2009) (quoting *Matter of Woodbrook Associates*, 19 F.3d 312,

---

Circuit for the proposition that "federal court may take judicial notice of information on official government web site."); *In re Draiman*, 450 B.R. 777, 802 n.16 (Bankr. N.D. Ill. 2011) (same, regarding matters of public record).

2

316 (7th Cir. 1994)). "Further, a chapter 11 case can be dismissed at any time. Creditors need not wait until a debtor proposes a plan or until the debtor's exclusive right to file a plan has expired. Likewise, they do not need to incur the added time and expense of a confirmation hearing on a plan they believe cannot be effectuated. The very purpose of § 1112(b) is to cut short this plan and confirmation process where it is pointless." *Id*. (citation and internal quotation marks omitted).

7.  Section 1112(b)(4) provides certain non-exhaustive examples of cause, including: (i) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation ((b)(4)(A)); and (ii) inability to effectuate substantial consummation of a confirmed plan (((b)(4)(M)).[2]

8.  The "list is not exhaustive, and the court is free to consider other factors and use its equitable powers to reach an appropriate result." *In re Rey*, 2006 Bankr. LEXIS 1803, at *12 (Bankr. N.D. Ill. Aug. 21, 2006).

9.  For example, "[a]lthough not expressly stated in the Bankruptcy Code, it is well established that 'good faith is a threshold prerequisite to securing Chapter 11 relief, and that the lack of such good faith constitutes 'cause,' sufficient for dismissal under 11 U.S.C. § 1112(b).'" *In re McCormick Rd. Assocs.*, 127 B.R. 410, 412 (N.D. Ill. 1991). The "analysis of 'good faith' under § 1112(b) is 'primarily concerned with the underlying question of whether reorganization is the proper course of action in a particular debtor's case." *Id.*

---

[2] "Substantial consummation" defined in § 1101(2) to mean "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

3

B.  The Chapter 11 Petition was Not Filed in Good Faith

10.  As discussed above, Flava has already established a pattern of delaying the resolution of A4A's claims, and the filing of this petition appears to be another step in that course of conduct.  While there is no per se test for what constitutes "bad faith," courts in this district have held that one factor is whether the timing of the Debtor's filing evidences an intent to delay or frustrated the legitimate efforts of the debtor's secured creditors to enforce their rights. *In re McCormick Rd. Assocs.*, 127 B.R. at 413[3]; *see also In re 801 S. Wells St. Ltd. Pshp.*, 192 B.R. 718, 727 (Bankr. N.D. Ill. 1996) (applying the same factors).

11.  Courts have held that the debtor's pre-filing delays are relevant to determining whether a Chapter 11 case is filed in good faith.  In *In re Liptak*, 304 B.R. 820, 836-37 (Bankr. N.D. Ill. 2004), the court stated:

> A second, alternative test for determining whether a debtor has filed a Chapter 11 case in good faith focuses on the Bankruptcy Code's effect on a judgment creditor's nonbankruptcy collection rights and the legitimacy of the debtor's motive for impeding these rights. *See In re Casey*, 198 B.R. 910, 916-18 (Bankr. S.D. Cal. 1996). . . . Both a debtor's pre-filing and postfiling delays can bear upon this finding, though post-filing dilatory tactics . . . can constitute 'cause' for dismissal all by itself under § 1112(b)(3). *See In re N.R. Guaranteed Retirement*, 112 B.R. 263, 277 (Bankr. N.D. Ill. 1990); *Matter of Love*, 957 F.2d 1350, 1356, 1360 (7th Cir. 1992) (in Chapter 13 case, bad-faith motive for filing can be inferred from both pre-petition and post-petition conduct).

---

[3] *McCormick Rd. Assocs*. was a real estate single asset case.  The other factors listed were that (i) the debtor has only one asset, in which it does not hold legal title, (ii)  the debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors, (iii) the debtor has few employees, (iv) the property is the subject of a foreclosure action as a result of arrearages on the debt, and (v)  the debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending state court action.  127 B.R. at 413.  These factors were originally set out in *In re Phoenix Piccadilly Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988).

4

*See also In re RainTree Healthcare of Forsyth LLC*, No. 17-51237, 2018 Bankr. LEXIS 334, at *38 (Bankr. M.D.N.C. Feb. 7, 2018) ("Both the Western District Bankruptcy Court and the United States District Court found that this Debtor engaged in dilatory practices in those respective proceedings. These findings, in combination with the evidence set forth in the record, sufficiently indicate subjective bad faith in the filing of Debtor's chapter 11 petition.")

12. Here, the speed with which the debtor filed this action after the Seizure Order was entered shows that the debtor can move quickly when it wishes to do so. The debtor's years-long pre-filing dilatory tactics demonstrate a long history of bad faith.

C. The Debtor has not Indicated any Reasonable Possibility of Rehabilitation.

13. Cause also exists under 1112(b)(4)(A) based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." In this case, the value of the estate is dwindling, and there is no evidence of a reasonable likelihood of rehabilitation. For example, Flava's gross revenue in 2019 was approximately $400,000, in 2020, it decreased to approximately $135,000, and for the period from the beginning of 2021 through July 17, 2021, it was approximately $41,000 (Dkt. 34 at 1). The Monthly Operating Report dated September 9, 2021 (Dkt. 36) indicated that Flava has no full time employees and had total receipts of $4,184. There is no indication that the debtor will have continued business operations sufficient to rehabilitate. *See In re Rey*, 2006 Bankr. LEXIS 1803, at *15 (finding cause under this factor where "the consolidated bankruptcy estate has limited value, and its value is declining," and there was no evidence that the "debtor's business prospects justify continuance of the reorganization effort" as the debtor was no longer in business); *In re Kowalski*, No. 18-09130, 2018 Bankr. LEXIS 3809, at *5 (Bankr. N.D. Ill. Nov. 30, 2018) (granting motion under 1112(b)(4)(A) and noting that "[t]he issue of rehabilitation . . . is not the technical one of

5

whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.").

14. Cause also exists under 1112(b)(4)(M), based on an "inability to effectuate substantial consummation of a confirmed plan." Here, the debtor's assets include approximately $1,400 in cash, $81,000 in inventory of DVDs, $5,000 in office equipment, $150,000 in copyrights, copyright infringement claim of $50,000,[4] for a total of approximately $288,000 (Dkt. 33 at 9). The liabilities are over $1 million (Dkt. 26). It is unclear based on the presented data how the debtor hopes to reorganize, confirm a plan, or effect a substantial consummation of any confirmed plan. *In re Rey*, 2006 Bankr. LEXIS 1803, at *19-20 ("It is unreasonable to expect that the debtors here can confirm a chapter 11 plan because there is *no* reason to believe they can fund one. . . . In the face of conversion or dismissal, the debtors have failed to explain how they can confirm a plan and what gives them any realistic chance of reorganizing. And small wonder: the bankruptcy is nothing but a holding action. The debtors are 'hoping merely to stave off the evil day when the creditors take control of [their] property.'") (citation omitted); *see also In re Aurora Memory Care LLC*, 589 B.R. 631, 642 (Bankr. N.D. Ill. 2018) ("Although the prospects for confirming a plan are not evaluated as stringently early in a case as they are later on, a debtor facing a motion under section 1112(b) must still show that a reorganization is plausible and not a mere financial pipe dream. With no financing available, and no other means of reorganizing suggested, [debtor] has not made that showing.").

---

[4] A national search for Flava at www.Pacer.gov shows only this case but no copyright infringement cases.

D. <u>Flava Is Not a Eligible Debtor, Because it is Legally a Sole Proprietorship</u>

15. Flava has registered as an Illinois corporation.[5] However, in his Report and Recommendation, Magistrate Goodman found that Flava was the mere alter ego of its owner, Phillip Bleicher. (R&R at 10). When this finding is made, the fiction of separate corporate existence is disregarded, if giving it recognition would, under the circumstances, sanction a fraud or promote injustice. *Reid v. Wolf (In re Wolf)*, 595 B.R. 735, 766 (Bankr. N.D. Ill. 2018)

16. In the present case, the fiction of a separate corporate form would promote injustice, because, as the Florida court already found, certain copyrights and Internet domain names, which appear to be property of the estate, are registered to Mr. Bleicher personally. (See Ex. 3, Order dated June 11, 2019 (D.E. 190 in Case No 12-23208-CIV-Lenard/Goodman) at 6-7). As a result, the estate does not contain all of the assets which should be available to creditors.

17. Once the corporate entity is disregarded, Flava is, legally, a sole proprietorship. *See Vernon v. Schuster*, 179 Ill. 2d 338, 347, 688 N.E.2d 1172 (1997) (individual engaging in business is a sole proprietor, even if he does so under a fictitious name); *Phipps v. Peoples National Bank, NA (In re Phipps*), Nos. 08-40685, 08-4077, 08-4078, 2008 Bankr. LEXIS 3600 (Bankr. S.D. Ill. Dec. 10, 2008) (individual who operates business without a separate legal entity is a sole proprietor); *Sullivan v. Cozzi*, No. 95 C 3227, 1997 U.S. Dist. LEXIS 9943 at *10 (N.D. Ill. July 8, 1997) (where sole proprietorship which purports to incorporate, but corporation is a mere alter ego, entity is still a sole proprietorship).

---

[5] Undersigned counsel checked the Illinois Secretary of State website, https://apps.ilsos.gov/corporatellc/CorporateLlcController on September 9, 2021, which showed that Flava was an active corporation.

7

18. Sole proprietorships are ineligible to be a debtor in a Chapter 11 bankruptcy. *Gilliam v. Speier (In re KRSM Properties, LLC),* 318 B.R. 712, 717 (B.A.P. 9th Cir. 2004); (citing Code Sections 101(41) and stating "[a] sole proprietorship is not a "person" for purposes of the Bankruptcy Code because it is neither an individual, nor a partnership, nor a "corporation." . . . Since it is not a "person," a sole proprietorship is ineligible to be a debtor in bankruptcy, *See also In re Know Thy Self, Inc.*, No. 06-62628, 2006 Bankr. LEXIS 1359 at *8 (Bankr. N.D. Ga. Mar. 17, 2006) (applying rule in Chapter 11 case). This case must be dismissed for this reason alone.

WHEREFORE, A4A respectfully requests that its motion be granted, and that this case be dismissed.

Dated: September 13, 2021

Respectfully submitted,

A4A Reseau, Inc.

By:  /s/ Bruce N. Menkes
     One of Its Attorneys

Bruce N. Menkes (ARDC #6187337)
George V. Desh (ARDC #6305733)
Mandell Menkes LLC
1 N. Franklin St., Suite 3600
(312) 251-1000
Firm No. 38081
bmenkes@mandellmenkes.com
gdesh@mandellmenkes.com

8