## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

In re: Flava Works, Inc           ) Judge Donald R. Cassling
                Debtor(s)     )
                             ) Case No. 21-8585
                             )
                             ) Chapter 11 Subchapter V

## RESPONSE TO CREDTITOR'S A4A RESEAU, INC.'S MOTION TO DISMISS

   Now Comes Debtor, FLAVA WORKS, INC. ("Debtor" and/or "Flava"), Debtor in possession by and through its attorney Robert J. Adams & Associates in response to Creditor A4A Reseau, Inc.'s (hereinafter "A4A") filed its motion to dismiss this bankruptcy case pursuant to 11 USC Sec. 1112.   The motion should be denied.   It should be denied for several reasons as outlined here.

     A4A alleges that this case must be dismissed because of the pre filing history between it and the Debtor.   The motion summarizes the litigation between the parties from case 14-23208 in Florida.   The case resulted in a judgment in favor of A4A for attorney's fees and costs against Flava Works, Inc. in the amount of $81,952.72.   A4A then pursued Flava's assets.   The court found that the assets of Flava included its intellectual property.   The court further found that said intellectual property was property that could be seized and sold like any other property. However, the Final Order (A4A exhibit 1) only allowed for Flava Work Inc.'s property to be seized. The Final Order did not allow the property owned solely by Phillip Bleicher (the stockholder of Flava Work's Inc.'s) to be seized; "If Defendant seek to use proceeds from the sale of intellectual property to satisfy the award of post-petition attorney's fees and cost only the intellectual property belonging to Flava Works, Inc. shall be used."   At that point that Flava filed for bankruptcy protection here.

Despite A4A's assertions to the contrary, the debtor intends to present a plan that will pay all its creditors in full.

The primary business of Flava Works, Inc. is the production of video. These videos have individual copyrights.   The videos are owned by Flava Works, Inc.

Its primary source of income is individuals downloading its videos for their private use. Flava Works, Inc.'s income mainly comes when individuals pay for a download or through the purchase of a subscription service. There is also ancillary income generated by the sale of merchandise such as DVDs, T-shirts and annual calendars.   Until 2020, Flava had a very successful business model. In its recent history sales exceeded $400,000 in one year. Flava sales have exceeded $1,000,000 in a year.

Everything changed for Flava when the Coronavirus Pandemic stopped the entire adult film industry. While the adult film industry is very lucrative, it relies on human interaction, which was impossible for health and safety reasons until mid-2021, and the circulation of vaccines and Covid-19 protocols. Now those protocols are in place.   The vaccine is now widely distributed. The adult film industry has "re-opened". The re-opening of the industry is evident in the monthly operating reports filed in this case. Flava now requires all participants in filming activities to be full vaccinated.

Because this business was profitable in the years prior to 2019, the Debtor paid its creditors as they became due. – Therefore, despite having to file for bankruptcy protection, the company has a great likelihood of reorganizational success.   This Debtor has only four (4) creditors. Flava was profitable until faced with the Pandemic. Flava will be successful again. But Flava needs the protection of this Court to give it the breathing room to make it a reality.

The Small Business Reorganization Act ("SBRA"), enacted in August 2019, became effective on February 19, 2020. 11 U.S.C. The statutory policy is to encourage small business reorganizations resulting in greater creditor distributions and more small businesses to survive and prosper.

Section 362 stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *In re Fulton,* 926 F.3d 916, 927 (7th Cir. 2019) (quoting *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,* 474 U.S. 494, 503 (1986)). A primary purpose of the automatic stay in chapter 11 "is to afford debtors in Chapter 11 reorganizations an opportunity to continue their businesses with their available assets." *United States v. Ruff (In re Rush-Hampton Indus.),* 98 F.3d 614, 616 (11th Cir. 1996) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 183 (1977)).

Even though this Chapter 11 got off to a rough start due to the untimely death of the attorney who filed on the petition, Flava's Chapter 11 is on track. The Debtor ~~has~~ filed all schedules; it attended both the Initial Interview; and the 341 Hearing of Creditors; filed the August Monthly Report; obtained an Order redirecting the Chapter 11 to a Subchapter V.   It is prepared to file a timely plan.   The plan will propose to pay all creditors one hundred percent (100%) of timely filed secured and priority claims.

A4A alleges that Flava Works, Inc. is the alter ego of Phillip Bleicher. The Debtor denies this claim.   The doctrine of "Alter Ego" in relations to corporations is essentially that the stockholders (in this case one stockholder) use the corporation for its sole use. The doctrine is used to pierce the "corporate veil," thereby allowing creditors of the corporation to pursue the assets of the owner(s).

To pierce the corporate veil, "[t]he plaintiff must demonstrate that: (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist, and (2) circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances." *A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai,* 420 Ill.Dec. 887, 98 N.E.3d 504, 515 (Ill. App. Ct. 2017) (quotation omitted). See *Koch Refining v. Farmers Union Cent. Exch., Inc.,* 831 F.2d 1339, 1345 (7th Cir. 1987).

There are multiple factors to consider, none of which apply to Flava Works, Inc. and Phillip Bleicher.

1. Phillip Bleicher is currently an unpaid employee;
2. Phillip Bleicher does not receive any "perks" such as the use of a corporate car;
3. Phillip Bleicher has not withdrawn funds for the corporation to pay his debts;
4. Phillip Bleicher has not transferred corporate assets for his personal benefit;
5. Phillip Bleicher has kept his personal funds separate from the corporate funds;
6. Corporate funds have not been transferred to avoid corporate debts;
7. Phillip Bleicher has not represented to others that he is personally responsible for corporate debts.
8. Phillip Bleicher does not use any corporate property for his personal use.
9. Phillip Bleicher does not compete with Flava Works, Inc. In fact, he has no other business interest.
10. Flava Works, Inc. is sufficiently capitalized. It has sufficient funds for its operations and will seek to neither borrow money nor incur debts in the foreseeable future.

Therefore, Flava Works, Inc. denies that it is a Sole Proprietor.   Furthermore, there was no finding by the Florida's Magistrate Judge that Flava is the alter ego of Bleicher.   The final order does not speak that that allegation at all.   In fact, the court held that the assets of Bleicher could NOT be used to satisfy the judgment owed by Flava to A4A.

If this case were to be dismissed or converted to Chapter 7 the sole beneficiary would be A4A and one other secured creditor. Their claims total is $199,958.72. It is unlikely anyone would ever bid more than this sum. The major Creditor, the Internal Revue Service, a division of the United States of America (with an estimated claim of $723,675.50) would receive nothing.

If Flava loses all its intellectual property it will have no opportunity to reorganize.   If it is forced to convert to Chapter 7, it would likewise lose all its assets and have no opportunity to reorganize. A chapter 7 case would leave creditors unpaid and serve no meaningful purpose to either creditors or the debtor.

Wherefore Flava Works Inc., prays this honorable court DENY the motion to dismiss and allow Flava Works Inc. proceed, and for such other and further relief as this court deems just and proper.

Respectfully submitted,

  /s Robert J. Adams
ATTORNEY
FOR Flava Works, Inc
Robert J. Adams & Associates
540 W. 35th Street, Chicago, Illinois
60616 312-346-0100

staff.rja@gmail.com