## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: Flava Works, Inc. | ) | Judge Donald R. Cassling |
| Debtor(s) | ) | |
|  | ) | Case No. 21-8585 |
|  | ) | |
|  | ) | Chapter 11 Subchapter V |
|  | ) | |

**REPLY IN SUPPORT OF CREDITOR A4A RESEAU'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Debtor Flava Works, Inc. ("Flava") admits that the United States District Court for the Southern District of Florida entered a judgment against it but denies what that court concluded: that Flava is the alter ego of Phillip Bleicher. *See* Resp., p. 4 (Dkt. 58). As discussed below, Flava's statement that "there was no finding by the Florida's Magistrate Judge that Flava is the alter ego of Bleicher" because "[t]he final order does not speak that that allegation at all" is demonstrably false. Although Flava now submits several unsworn statements in an attempt to re-litigate the finding that Bleicher is an alter ego of Flava, its opportunity to challenge that finding passed when it failed to object to the findings the district court.

The remaining aspects of the Response are not relevant. The conjecture about the success of the plan and the likely consequence of granting this motion – that A4A Reseau, Inc. ("A4A") and another creditor would benefit at the expense of the remaining creditors – are not reasons to deny the motion. Flava's response fails to confront the central argument in A4A's motion: Flava is ineligible to be a debtor in a Chapter 11 bankruptcy because Flava is, legally, a sole

proprietorship. *See* the Mot., p. 10-11 (Dkt. 38).[1] Flava is collaterally estopped from denying the alter ego finding and A4A's Motion must be granted.

## II. HISTORY OF THE PRIOR LITIGATION

On July 15, 2021, a federal district judge in the United States District Court for the Southern District of Florida entered an order (the "Seizure Order") directing the U.S. Marshal to seize intellectual property comprising the assets of Flava to satisfy a judgment of $81,958.72 owed to A4A including an award of new attorneys' fees (Ex. 1, 07/15/2021 Order). In the Seizure Order, District Judge Lenard adopted the findings recommended by Magistrate Judge Jonathan Goodman in whole, including the determination about the existence of an alter ego relationship between Bleicher and Flava. *See* Dkt. 38-1, p. 3; Dkt. 38-2, p. 10. The district court entered the Seizure Order based on the extensive evidentiary submissions to the court and conclusively disposed of the alter ego issue. Those evidentiary submissions included but were not limited to proof that Bleicher operated Flava using internet domain and copyright assets in his own name interchangeably with Flava's and filed suit on behalf of Flava over assets in Bleicher's individual name. Magistrate Goodman found that Bleicher was an alter ego of Flava and Judge Lenard adopted the findings. Based on the alter ego finding, the District Court gained jurisdiction over Bleicher for purposes of enforcing the judgment, as Florida law on supplementary proceedings permits. Further the Court left the door open for an amended seizure

---

[1] A4A also argues in its Motion that this case must be dismissed or converted because (i) Flava's pattern of delaying the resolution of A4A's claims before the filing its Chapter 11 petition shows that the petition was not filed in good faith, and (ii) the debtor has not indicated any reasonable possibility of rehabilitation. Flava's Response does not address the good faith argument, and therefore this Reply does not do so either. With respect to the possibility of rehabilitation, the debtor filed a Plan after the date of A4A's motion, and indicated at the hearing in this matter this morning that it intends to file an Amended Plan. A4A does not believe the Plan is viable but will wait to review the Amended Plan before deciding whether to object to it.

2

order with a specific factual basis directed at Bleicher's Intellectual Property should the pending Seizure Order not satisfy Flava and Bleicher's obligations.

## III. ARGUMENT

### A. Collateral Estoppel Principles Preclude Re-litigation of Decided Issues

The doctrine of collateral estoppel, an offshoot of *res judicata*, teaches that a judge's ruling on an issue of law or fact in one proceeding binds in a subsequent proceeding the party against whom the judge had ruled, provided that the ruling could have been (or was, but unsuccessfully) challenged on appeal, or if not that at least it was solid, reliable, and final rather than "intended to be tentative." *Loera v. United States*, 714 F.3d 1025, 1028 (7th Cir. 2013). "When the conditions for applying collateral estoppel are satisfied, 'the doctrine promotes important goals: it allows a party only one opportunity to litigate an issue thereby conserving the time and resources of the parties and the court; promotes the finality of judgments; preserves the integrity of the judicial system by eliminating inconsistent results; and ensures that a party not be able to relitigate issues already decided against it in prior litigation.'" *Deguelle v. Camilli*, 724 F.3d 933, 936 (7th Cir. 2013); *quoting Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996). Two days after the entry of the Seizure Order, Flava filed the present Chapter 11 proceeding. By failing to object to the findings that Magistrate Judge Goodman recommended and Judge Lenard adopted, Flava abandoned its right to appeal but, in any event, the possibility of an appeal is irrelevant for purposes of collateral estoppel. "It is true as we have noted that exhaustion of appellate remedies is not a normal requirement of res judicata or collateral estoppel. A final judgment by a district court has preclusive effect even though the judgment is pending on appeal." *Amcast Industrial Corp. v. Detrex Corp.*, 45 F.3d 155, 160 (7th Cir. 1995).

3

"Collateral estoppel applies in bankruptcy proceedings to prevent the re-litigation of issues, just as it does in other cases." *In re Bulic*, 997 F.2d 299, 305 (7th Cir. 1993) (dismissing a Chapter 11 case and stating the debtors "may not use the bankruptcy system to continue to litigate what has been finally ruled upon."); *citing Grogan v. Garner,* 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755, n.11 (1991); *also citing Klingman v. Levinson,* 831 F.2d 1292 (7th Cir. 1987); *see also ColeMichael Investments, L.L.C. v. Burke (In re Burke)*, 398 B.R. 608, 622 (Bankr. N.D. Ill. 2008).

### B. The District Court Ruling on the Alter Ego Relationship Satisfies All of the Collateral Estoppel Elements

The preclusive effect of a federal-court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *citing Semtek Int'l Inc.* v. *Lockheed Martin Corp.*, 531 U.S. 497, 507-508, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). The standard criteria that must be satisfied to appropriately invoke collateral estoppel include whether the issue sought to be concluded:

(i) is the same as that involved in the prior action;

(ii) was litigated in the prior action;

(iii) was in fact judicially determined in the prior action; and

whether the judgment in the prior action was dependent upon the determination made of the issue.

*Whitley v. Seibel*, 676 F.2d 245, 248 (7th Cir. 1982); *citing* 1B Moore's Federal Practice, P 0.443(1) (1965) (*cleaned up*); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (*emphasis supplied*).[2]

---

[2] At the hearing held in this matter this morning, the Court commented that it may be necessary to hold an evidentiary hearing in order to determine whether Flava is the alter ego of Bleicher. A4A respectfully

4

1. *The Identical Issue Was Litigated in the Prior Action*

"Detailed findings of fact from the earlier proceeding are necessary to enable the bankruptcy court to determine which issues were actually litigated in the earlier proceeding." *Union Nat'l Bank of Marseilles v. Leigh (In re Leigh)*, 165 B.R. 203, 218 (Bankr. N.D. Ill. 1993). Here, Magistrate Goodman's report and recommendation is comprised of numerous facts (Dkt. 38-2), all of which District Judge Lenard adopted (Dkt. 38-1), and the finding that Bleicher is the alter ego of FlavaWorks is specifically expressed. As the Florida court found, certain copyrights and Internet domain names, which appeared to be property of Flava, were registered to Mr. Bleicher personally. *See* Dkt. 38-3 at p. 6-7 (the Order dated June 11, 2019 (Dkt. 190 in Case No. 12-23208-CIV-Lenard/Goodman)). These are the items of Intellectual Property owned in the name of Bleicher and used by Bleicher in the name of Flava to conduct Flava's business including filing suit over their infringement in the name of Flava. This theme carried and included much more in the six years Bleicher and Flava litigated the three underlying cases.

2. *The Judicial Determination that Bleicher Was An Alter Ego of Flava Allowed A4A to Pursue Enforcement of Its Judgment from Bleicher*

Flava acknowledges in its Response that "The case resulted in a judgment in favor of A4A for attorney's fees and costs against Flava Works, Inc. in the amount of $81,952.72." Thus, Flava acknowledges that , a final judgment was entered in the Florida case over which District Judge Lenard presided. The Court awarded A4A attorneys' fees pursuant to Rule 41(d), which provides for an attorneys' fees award if a plaintiff dismisses an action and subsequently "files an action based on or including the same claim against the same defendant[.]" Although the amount that A4A sought to recover in that case was based on an attorneys' fee award, it was subsequently enforced by issuing a Writ of Execution. District Judge Lenard granted A4A's

---

submits that that is not necessary, because, for the reasons set forth below, debtor is collaterally estopped from re-litigating this issue.

motion to require Flava to complete a form used in the State of Florida to trace assets held by judgment debtors, Form 1.977, and reasoned as follows:

> Federal Rule of Civil Procedure 69(a)(1) states, in relevant part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . ." Pursuant to Florida Rule of Civil Procedure 1.560(b), "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court." The Court finds that pursuant to Federal Rule of Civil Procedure 69(a)(1), the proper procedure for executing upon the money judgment entered against Plaintiff is the procedure provided by Florida Rule of Civil Procedure 1.560. *See Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014); *see also TracFone Wireless, Inc. v. Holden Prop. Servs.*, LLC, 1:14-cv-20959-KMM, 2014 WL 3585711, at *2 (S.D. Fla. July 21, 2014). Accordingly, Plaintiff is required to complete Form 1.977 and the required attachments. *See id.; see also TracFone Wireless*, 2014 WL 3585711, at *2.

The district court thus characterized the Order granting A4A fees as a judgment and afforded A4A the right to use judgment execution measures in various ways and on several occasions. Interpleading Bleicher for purposes of tracing assets to satisfy the judgment depended on the alter ego finding. "'Florida courts have developed two jurisdictional prerequisites for supplementary proceedings under § 56.29: (1) an unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to be impleaded.'" *Bodywell Nutrition*, 846 F. Supp. 2d at 1325 (citations omitted). Where the judgment creditor satisfies the statutory requirements for proceedings supplementary, "[j]udges have both the power and the duty to bring in third parties when relief against them may be warranted." *Cont'l Cigar Corp. v. Edelman & Co., Inc.*, 397 So. 2d 957, 958 (Fla. Dist. Ct. App. 1981) (affirming impleader in proceedings supplementary of third party owner of intellectual property). Moreover, a judgment creditor may implead a judgment debtor's "alter ego"—*i.e.*, a third party that should be treated as the same entity as the judgment debtor—so long as the

judgment creditor satisfies Fla. Stat. § 56.29(2) by describing the property of the alter ego. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1121 (Fla. Dist. Ct. App. 2018). That A4A was unsuccessful in convincing the Magistrate Judge that some of the assets it sought to seize were not eligible for seizure (*see* Resp., p. 1, Dkt. 58) does not diminish the finding of the alter ego relationship.[3]

### C. Bleicher Had a "Full and Fair Opportunity" to Litigate the Alter Ego Finding

Flava (and Bleicher) retained numerous attorneys to represent their interests in the prior litigation and were afforded ample opportunity to contest the finding on its alter ego relationship with Bleicher. Even in its Response to the subject Motion, Flava fails to address the fundamental issue of the use and misuses of individual and personal assets by Bleicher which gave rise to the District Court's determination of alter ego. Flava cannot now attempt to revisit that finding in this proceeding by listing unsworn assertions that were never presented to the factfinder in the A4A litigation that Flava initiated in the Florida district court.

In the hearing held in this matter this morning, Robert Adams, the debtor's attorney, suggested that Flava did not have a proper opportunity to contest this issue in the District Court because it was not represented by counsel. However, as Magistrate Judge Goodman pointed out, Flava fired its lawyers as part of its dilatory tactics. *See* A4A's Mot., Dkt. 38, ¶ 2. That the debtor elected to terminate various attorneys during the pendency of the litigation between Flava and A4A has no bearing on the opportunities the parties had to contest the multiple findings the district court made on the alter ego relationship between Flava and Bleicher. The collateral

---

[3] Although the district court in the underlying case found an alter ego relationship, it denied A4A's motion to reach the assets of IL Flava and Bleicher *without prejudice* "under the theories of piercing the corporate veil and successor liability" reasoning "[w]ithout actual evidence to support the fraud claims, any judgment as to piercing the corporate veil and successor liability is *premature*. Creditors can seek to supplement its proof of fraud through the normal channels of discovery." *See* Order dated December 1, 2016 (Dkt. 133, p. 9, in Case No. 12-23208-CIV-Lenard/Goodman). (*Emphasis added*).

estoppel doctrine bars the re-litigation of decided claims whether or not the party opposing the issue preclusion was represented by litigation counsel. *See Camilli*, 724 F.3d at 938 (7th Cir. 2013) (stating "[a]nd the idea that litigating *pro se* should insulate a litigant from application of the collateral estoppel doctrine, or, more broadly, the doctrine of *res judicata*, of which collateral estoppel is an aspect, is absurd")*.; citing In re Tsamasfyros*, 940 F.2d 605, 607 (10th Cir. 1991); *Davis v. U.S. Steel Supply*, 688 F.2d 166, 177 (3d Cir. 1982) (en banc); *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, 698 (2003).

Accordingly, the rulings on the issue of the alter ego relationship between Bleicher and Flava reflect the very basis for bringing Bleicher within the jurisdiction of the Florida district court for purposes of the enforcement of A4A's judgment. The finding about the alter ego relationship may not have been the predicate for the attorneys' fee award, but it was essential to the interpleader in the supplementary proceeding and Bleicher certainly had an opportunity to litigate the issue. Bleicher understood that the district court had entered a judgment against Flava and that he had been made a party to the case for purposes of tracing assets. As he confirmed in his affidavit dated December 19, 2020, "I understand, accept and respect the underlying ruling by the Court." *See* **Exhibit A**.

## IV. CONCLUSION

For the reasons stated here and in the Motion to Dismiss, interested party and creditor, A4A Reseau, Inc. ("A4A") respectfully moves for an order of dismissal of this Chapter 11 case pursuant to 11 U.S.C. § 1112.

\* \* \*

Dated: November 23, 2021

Respectfully submitted,

**A4A RESEAU, INC.**

By: /s/ Bruce N. Menkes

Bruce N. Menkes
John D. Fitzpatrick
Mandell Menkes LLC
1 N. Franklin, Suite 3600
Chicago, Illinois 60606
Telephone:  (312) 251-1000

Email: *bmenkes@mandellmenkes.com*
*jfitzpatrick@mandellmenkes.com*

# **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 23, 2021, he caused to be served a copy of the foregoing **REPLY IN SUPPORT OF CREDITOR A4A RESEAU'S MOTION TO DISMISS** to be served:

Electronically via the Court's CM/ECF system on:

- Robert J Adams RobertJAdams@jubileebk.net, bankruptcy714@gmail.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Bryan E Moore bemoore@bemesq.com, lynn@oflaherty-law.com
- Robert Radasevich rradasevich@nge.com, ewilson@nge.com, ecfdocket@nge.com
- Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov

Via first class mail, postage prepaid, as indicated on November 24, 2021:

| | | |
|---|---|---|
| 933 W. Irving Park Corp<br>4444 W. Montrose<br>Chicago, IL 60641-2083 | Aldo U. Huitzil<br>53 W. Jackson Blvd<br>Chicago, IL 60604-3606 | Brian C. Pederson<br>Robert J. Adams & Assoc.<br>540 W. 35th Street<br>Chicago, IL 60616-3532 |
| Bryan E. Moore<br>Law Office of Bryan E. Moore, P.C.<br>2476 Meadowdale Lane<br>Woodridge, IL 60517-3955 | Christine B. Adams<br>540 W. 35th Street<br>Chicago, IL 60616-3532 | Flava Works, Inc.<br>3526 South Prairie Avenue<br>Chicago, IL 60653-1653 |
| Illinois Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 19035<br>Springfield, IL 62794-9035 | Internal Revenue Service SB/SE<br>P.O. Box 7346<br>Philadelphia, PA 19101-746 | John F. Bradley<br>Attn: Bradley Legal Group PA<br>1217 E. Broward Boulevard<br>Fort Lauderdale, FL 33301-2133 |
| Marques Rondale Gunter<br>c/o Robert Radasevich<br>Neal, Gerber & Eisenberg<br>2 N. LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-4000 | Salsalndy, LLC<br>c/o Robert Radasevich<br>Neal, Gerber & Eisenberg<br>2 N. LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-4000 | Oscar Leiva<br>1533 W. 18th Pl.<br>Chicago, IL 60608 |
| Partratz & Associates<br>30 N. LaSalle Street<br>Suite 3200<br>Chicago, IL 60602-3349 | Robert J. Adams & Associates<br>540 W. 35th Street<br>Chicago, IL 60616-3532 | |

/s/ John D. Fitzpatrick